**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ALEXANDRA RIKAS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Judge |
| | ) | |
| P.O. THOMAS BABUSCH | ) | Magistrate Judge |
| individually, and the NORTHEAST | ) | |
| ILLINOIS REGIONAL COMMU- | ) | |
| TER RAILROAD CORPORATION | ) | |
| (a/k/a METRA), a municipal | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, ALEXANDRA RIKAS, by and through her attorneys, and complaining against the Defendants, THOMAS BABUSCH , individually, and the NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION (hereafter "METRA") states as follows:

**COUNT I-EXCESSIVE FORCE**

1.     This action is brought pursuant to the Laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff, and accomplished by acts and/or omissions of the Defendant.

2.     Jurisdiction is based on Title 28 U.S.C. §1331 and §1343 and supplemental and pendant jurisdiction of the claims under state law.

3.     The Plaintiff, ALEXANDRA RIKAS, at all relevant times, was a United States citizen and permanent resident of the State of Illinois.

4. That the defendant, NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION ( hereafter "METRA") was at all times mentioned herein a municipal corporation doing business in the State of Illinois.

5.     The Defendant, THOMAS BABUSCH, was, at all relevant times, a duly appointed police officer and employee of the METRA Police Department and at all relevant times was acting within his scope of employment and under color of law.

6.      On or about May 9, 2012, the Plaintiff, together with her boyfriend, were passengers seated on a METRA train awaiting departure from the LaSalle Street train station in downtown Chicago, Illinois.

7.      At the aforesaid time and place the defendant, BABUSCH, in the company of another METRA police officer, told the plaintiff to get off the train because she was being too loud and was causing a disturbance.

8.      The Plaintiff verbally objected to the request and denied that she was disturbing anyone, but then proceeded to exit the train as requested by BABUSCH.

9.      After exiting the train with her boyfriend, Plaintiff began to leave the station by walking on the concrete railroad passenger platform running adjacent to the train.  At such time and without provocation, BABUSCH violently grabbed the Plaintiff from behind and threw her down forcefully and violently onto the concrete platform.  BABUSCH then put his knee and body weight onto the back of the Plaintiff's back, grabbed her hair and slammed her face into the concrete further injuring her and causing her teeth to break and cutting her lip and mouth.  BABUSCH proceeded to put his knee and body weight on the back of the Plaintiff's neck while handcuffing her.

10.     At the aforesaid time the other METRA officer restrained the plaintiff's boyfriend from assisting her and told him that the matter didn't involve him and to stay out of it or he would be arrested.

11.     Thereafter, while the Plaintiff lay injured and bleeding from her face on the platform, unidentified additional METRA police and Chicago police arrived on the scene with the ambulance personnel.   While the plaintiff was being removed by ambulance, an unidentified Chicago Policeman threw a towel over the plaintiff's face to prevent her boyfriend and other persons from trying to photograph the plaintiff's injured face while she was being transported to the ambulance on a stretcher.

12.      Thereafter the plaintiff was taken by ambulance to Northwestern Hospital where she received medical treatment for her injuries.

13.     While at Northwestern Hospital, BABUSCH issued a ticket to the plaintiff charging her with trespassing.

14.     The use of force by Defendant, BABUSCH, was unprovoked, unnecessary, excessive and unreasonable under the circumstances.

15.     The actions of Defendant, BABUSCH, were done intentionally and with malice.

16.     Due to the excessive use of force and other wrongful conduct committed by BABUSCH, the plaintiff was injured and sustained damages.

17.     The actions of Defendant,  BABUSCH, violated the Plaintiff's  Fourth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42

U.S.C. § 1983.

18.     As a direct and proximate consequence of said conduct of the Defendant, BABUSCH, the Plaintiff  suffered a violation of her constitutional rights, causing her serious injuries, emotional anxiety, fear, pain and suffering, monetary loss and expense, as well as future pain and suffering and permanent injury.


        WHEREFORE, the Plaintiff, ALEXANDRA RIKAS, prays for judgment in her favor and against Defendant,. THOMAS BABUSCH, , in an amount in excess of  ONE HUNDRED FIFTY  THOUSAND  ($150,000.00) DOLLARS compensatory damages and TWO HUNDRED THOUSAND  ($200,000.00) DOLLARS punitive damages, plus attorney's fees and costs pursuant to 42 U.S.C. 1988.

## COUNT II-FALSE ARREST

1-13.   The Plaintiff ALEXANDRA RIKAS hereby realleges and incorporates her allegations of paragraphs 1-13 of Count I as her respective allegations of paragraphs 1-13 of Count II as though fully set forth herein.

14.     To cover up the unlawful and excessive force the Defendant BABUSCH  arrested plaintiff and charged her with trespassing on railroad property in violation of the laws of the State of Illinois.

15.     There was no probable cause to arrest the Plaintiff.

16.     There was no probable cause to charge the Plaintiff.

17.     The charges against the plaintiff were false.

18.     The Plaintiff did not commit the crime of trespass as charged.

19.     At all relevant times the BABUSCH was to be acting pursuant to customs, practices and policies of METRA.

20.     The actions of Defendant, BABUSCH, were intentional, willful and wanton.

21.     The actions of Defendant, BABUSCH , violated the Plaintiff's rights under the  Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of several rights protected by 42 U.S.C. § 1983.

22.     As a direct and proximate consequence of said wrongful conduct of the Defendant, BABUSCH, the Plaintiff, suffered violations of her constitutional rights, emotional anxiety, fear, humiliation, monetary loss, and pain and suffering and other injury.

        WHEREFORE, the Plaintiff, ALEXANDRA RIKAS, prays for judgment in her favor and against Defendant, BABUSCH, in an amount in excess of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS compensatory damages and TWO HUNDRED

THOUSAND ($200,000.00) DOLLARS punitive damages, plus attorney's fees and costs pursuant to 42 U.S.C. 1988.

.

## COUNT III-BATTERY

1-13.   The Plaintiff ALEXANDRA RIKAS hereby realleges and incorporates her allegations of paragraphs 1-13 of Count I as her respective allegations of paragraphs 1-13 of Count III as though fully set forth herein..

14.     The Defendant, BABUSCH, had no just cause to physically attack the Plaintiff.

15.     The wrongful conduct of the Defendant, BABUSCH, was intentional, willful and wanton.

16.     The wrongful conduct of the Defendant, BABUSCH, constitutes a battery on the plaintiff.

17      As a result of the actions of the Defendant, BABUSCH, the Plaintiff suffered injuries, pain, suffering, distress, fear, anxiety and monetary expense, future pain and permanent injury.

WHEREFORE, the Plaintiff, ALEXANDRA RIKAS, prays for judgment against the Defendant, THOMAS BABUSCH, in an amount in excess of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS in compensatory damages and TWO HUNDRED THOUSAND  ($200,000.00) DOLLARS in punitive damages, plus attorneys' fees and costs.

## COUNT IV – INDEMNIFICATION/METRA

1-13.   The Plaintiff  hereby realleges and incorporates her allegations of paragraphs 1-13 of Count I, as her respective allegations of paragraphs 1-13 of Count IV as though fully set forth herein.

14.     Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

15. The Defendant, BABUSCH, is or was an employee of defendant, METRA, who was acting acted within the scope of his employment when he committed the wrongful acts alleged in Count I through III herein.

16.  That should the Defendant, THOMAS BABUSCH, be found liable for the acts alleged above, the Defendant, METRA, would is liable to pay the Plaintiff the amount of any judgment obtained against said Defendant, BABUSCH.

WHEREFORE, the Plaintiff, ALEXANDRA RIKAS, prays for judgment against the Defendant, METRA, for any sums found to be due and owing to the Plaintiff as a result of the

wrongful conduct of the Defendant, BABUSCH, as alleged herein.

        JURY IS DEMANDED ON ALL COUNTS


                                                    /s/ William F. Fitzpatrick
                                                    _____
                                                    One of the Attorneys for Plaintiff


#54105
William F.  Fitzpatrick
Fitzpatrick & Fitzpatrick
Attorneys at Law
36 West Randolph St. (Rm 301)
Chicago, IL. 60601
312 553 2200
williamfitz@netzero.com