UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEXANDRA RIKAS,<br>    Plaintiff,<br><br>v.<br><br>Officer THOMAS BABUSCH badge #908,<br>Officer SALAMANCA badge #971,<br>NORTHEAST ILLINOIS REGIONAL<br>COMMUTER RAILROAD CORPORATION<br>(a/k/a METRA), a municipal corporation,<br>    Defendants. | Case No. 13 cv 2069<br><br>Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Alexandra Rikas ("Rikas"), brings a five-count complaint against defendants Metra Police Officers Thomas Babusch ("Babusch") and Saul Salamanca ("Salamanca"), and Northeast Illinois Regional Commuter Railroad Corporation d/b/a Metra ("Metra). Salamanca moves to dismiss Count III and Metra moves to dismiss Count V. For the following reasons, the motions are granted.

**Background**

On May 9, 2012, Rikas and her boyfriend were passengers on a Metra train waiting to depart LaSalle Street station. Officer Babusch allegedly ordered Rikas to exit the train. Once off the train, Babusch allegedly grabbed Rikas, pushed her to the ground and slammed her face into the concrete. Officer Salamanca did not intervene but allegedly restrained Rikas' boyfriend. Rikas was taken by ambulance to Northwestern Hospital and treated for injuries to her face and mouth. Babusch later issued a ticket to Rikas for trespassing.

Rikas filed the instant five-count complaint alleging claims for excessive force (Count I), false arrest (Count II) and battery (Count III) against defendants Babusch and Salamanca, and claims for indemnification (Count IV) and *Monell* liability (Count V) against defendant Metra. Pursuant to Fed.R.Civ.P. 12(b)(6), Salamanca moves to dismiss Count III and Metra moves to dismiss Count V.[1]

---

[1] Metra initially filed its motion to dismiss Counts IV and V of Rikas' complaint. (Dkt. #26.) On March 5, 2014, Metra moved to withdraw its argument in support of dismissing Count IV, which the Court granted (Dkt. ##39, 41).

**Legal Standard**

A motion to dismiss under Rules 12(b)(6) tests the sufficiency of the complaint. *Gilbert v. Illinois State Bd. of Educ.*, 2008 WL 4390150 (N.D. Ill. Sept. 24, 2008) *aff'd*, 591 F.3d 896 (7th Cir. 2010). Accordingly, the court must accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A motion to dismiss is decided solely on the face of the complaint and any attachments that accompanied its filing. *Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010). In order to survive a motion to dismiss brought under Rule 12(b)(6) a complaint must contain sufficient factual allegations to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This standard is met when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

**Discussion**

**1. Salamanca's motion to dismiss**

Count III of Rikas' complaint alleges a claim of battery against Babusch and Salamanca. Only Salamanca moves to dismiss. To state a claim of battery in Illinois, a plaintiff must allege that the defendant "engaged in the wilful touching of the person of another and intended to cause a harmful or offensive contact." *Luis v. Smith Partners & Associates, Ltd.*, 2012 WL 5077726 (N.D. Ill. Oct. 18, 2012) (*quoting Bakes v. St. Alexius Med. Ctr.*, 955 N.E.2d 78, 86 (Ill. App. 2011) (internal quotation marks omitted). Rikas' complaint alleges when Babusch pushed Rikas to the ground, Salamanca "did nothing to intervene…but instead restrained [Rikas'] boyfriend from assisting her and told the boyfriend that the matter didn't involve him and to stay out of it or he would be arrested too." (Pl. Compl. ¶13.)

Salamanca argues Count III must be dismissed because Rikas fails to allege that Salamanca touched Rikas or "performed some affirmative act intended to cause an unpermitted contact." *See Zboralski v. Monahan*, 446 F. Supp. 2d 879, 885 (N.D. Ill. 2006). Rikas contends that Salamanca can still be liable for the alleged battery because he acted in any way to aid or abet Babusch, citing *Sklan v. Smolla* in support. 420 N.E.2d 575, 578 (Ill. App. 1st Dist. 1981). In *Sklan* the Court held that a person may be liable for battery where he has not physically touched another but has "acted to incite, aid or abet the actual assailant or has acted in

2

furtherance of a common plan or design with the assailant." *Id*. However, mere presence is insufficient even where the bystander mentally approves of the attack. *Id*.

In order to be liable for aiding and abetting a battery, a plaintiff must allege facts that would plausibly show that the defendant's actions were wrongful or that the defendant incited or otherwise acted pursuant to a common design to batter the plaintiff. *Stacey v. Peoria Cnty., Ill.*, 2013 WL 3279997 at *7 (C.D. Ill. June 27, 2013). While Salamanca allegedly failed to intervene and restrained Rikas' boyfriend, these allegations are insufficient to show Salamanca aided and abetted the battery. Rikas fails to allege facts that Salamanca's actions were wrongful, that his actions encouraged and incited Babusch to batter Rikas or that Salamanca otherwise acted in concert with Babusch. Therefore, Salamanca's motion is granted and Count III is dismissed as to defendant Salamanca.

**2. Metra's motion to dismiss**

Metra moves to dismiss Count V of Rikas' complaint alleging *Monell* liability. The Court notes that it does not apply a heightened pleading standard to civil rights claims, including *Monell* claims. *Riley v. Cnty. of Cook*, 682 F. Supp. 2d 856, 861 (N.D. Ill. 2010). Indeed, a *Monell* claim can survive a motion to dismiss "even with conclusory allegations that a policy or practice existed, so long as facts are pled that put the defendants on proper notice of the alleged wrongdoing." *Id*. (citing *McCormick v. City of Chicago*, 230 F.2d 219, 325 (7th Cir. 2000)).

It is well established that a municipality is not liable under §1983 unless the constitutional violations at issue are caused by a municipal policy or custom. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 698 (1978). In order to sustain a claim of municipal liability for a civil rights violation, a plaintiff must allege: (1) an express municipal policy that, when enforced, deprived the plaintiff of a constitutional right; (2) a widespread municipal practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) that the plaintiff's alleged constitutional injury was caused by a person with final policy making authority. *Id*.; *McCormick*, 230 F.2d at 324-25. Rikas contends that her allegations are sufficient under the second or third method of proof. Metra argues that Rikas fails to plead any actionable policy, practice or custom that caused Rikas' injuries, that her allegations are merely formulaic recitations of the elements of a *Monell* claim and that a single incident of misconduct with two non-policy makers involved is insufficient to support a *Monell* claim. The Court agrees.

Rikas alleges Babusch and Salamanca were acting pursuant to customs and policies of Metra, established by a person or persons with authority to establish them. (Dkt. #1, Compl. ¶¶30-31.) Specifically, Rikas alleges that Metra knew prior to hiring officer Babusch that he had a history of and was prone to making arrests without probable cause and using excessive force, that Babusch continued this alleged unlawful conduct while employed by Metra and that Metra turned a blind eye by failing to take any action against Babusch. (*Id*. at ¶32.) In so doing, Rikas alleges Metra maintains a custom and policy of deliberate indifference toward constitutional violations. (*Id*. at ¶33.) Rikas further alleges that Metra employs a custom or policy of inadequately and improperly investigating or resolving complaints of police misconduct relating to arrests, seizures, and the use of excessive force and fails to require in-service training or re-training of officers known to have engaged in misconduct. (*Id*. at ¶¶34-37.) Rikas alleges these policies and customs are the proximate cause of her injuries. (Id. at ¶38.)

To state a widespread practice claim under *Monell,* Rikas must allege facts tending to show that the policymakers were aware of the behavior of officers, or that the activity was so persistent and widespread that policymakers should have known about the behavior. *Latuszkin v. City of Chicago*, 250 F.3d 502, 505 (7th Cir. 2001). As pled, Rikas' *Monell* claim rests solely on conclusory allegations and the complaint fails to allege facts sufficient to give Metra notice of the specific policies against which it must defend.

In her response brief, Rikas urges the Court to take judicial notice of two prior actions filed in 2011 and 2012 against defendant Babusch for allegedly similar conduct. (Dkt. #31, Pl.'s Resp. at p. 10, n. 3.) The Court notes that, even if the allegations contained within the prior complaints are true, they are, at best, contemporaneous with the allegations in this action. As such, they do not support an inference that Metra knew or should have known of Babusch's history. Moreover, each suit was ultimately settled and there was no finding of liability. Thus, the fact that prior lawsuits were filed against Babusch does not support Rikas' *Monell* claim nor does it evidence a widespread municipal practice. *See Sattler v. Hernandez*, 2011 WL 3839658 at *6 (N.D. Ill. Aug. 30, 2011); *Hernandez v. Nielson*, 2002 WL 31804788 at *1 (N.D. Ill. Dec. 13, 2002) (rejecting plaintiff's proffer of prior lawsuits against defendant officers as evidence of widespread practice). Furthermore, an isolated problem with a single officer generally does not give rise to *Monell* liability "unless proof of the incident includes proof that it was caused by an

existing unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *Hill v. City of Chicago*, 2010 WL 3735723 at *7 (N.D. Ill. Sept. 15, 2010).

Where, as here, a "complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *See Iqbal*, 556 U.S. at 678 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 577 (2007). Therefore, Metra's motion is granted and Count V is dismissed.

**Conclusion**

For the foregoing reasons, defendants' motions are granted. Count III is dismissed as to defendant Salamanca, and Count V is dismissed.

IT IS SO ORDERED.

_____
Date: March 12, 2014

Sharon Johnson Coleman
United States District Judge