IN THE UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ALEXANDRA RIKAS,<br><br>      Plaintiff,<br><br>v.<br><br>OFFICER THOMAS BABUSCH, Badge #908; OFFICER SALAMANCA, Badge #971; and NORTHEAST REGIONAL COMMUTER RAILROAD CORPORATION (a/k/a METRA), a municipal corporation,<br><br>      Defendants. | No. 13-cv-2069<br><br>Judge Sharon Johnson Coleman<br><br>Magistrate Judge Michael T. Mason |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

NOW COME Defendants, OFFICER THOMAS BABUSCH, Badge #908; OFFICER SALAMANCA, Badge #971; and NORTHEAST [ILLINOIS] REGIONAL COMMUTER RAILROAD CORPORATION ([d/b/a] METRA), a municipal corporation, by and through their counsel of record, Associate General Counsel Stacey McGlynn Atkins, and for their Memorandum of Law in Support of their Motion for Summary Judgment, state as follows:

## INTRODUCTION

Plaintiff initiated a civil action on March 18, 2013 and filed her First Amended Complaint on July 18, 2013. [Dkt. 20]. Plaintiff is bringing four counts[1] against Metra and the Defendant Officers. Essentially, the Plaintiff is alleging: (1) Section 1983 excessive force/unlawful restraint; (2) Section 1983 false arrest/unlawful restraint; (3) state law claim for battery; and (4) state law claim for indemnification. Summary judgment is proper as to all counts of Plaintiff's First Amended Complaint.

---

[1] Plaintiff's Count V, sounding in *Monell* liability, as well as Plaintiff's Count III (battery) as to Officer Salamanca, were dismissed by this Honorable Court on March 12, 2014. [Dkt. 42].

**ARGUMENT**

I.  **Standard of Review**

Summary judgment is proper if the pleadings, depositions, and other facts in evidence demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In order to overcome summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2007). There must be sufficient evidence favoring the nonmovant so that a jury could reasonably return a verdict for same. *Springer*, 518 F.3d at 483; *Sozskowiak v. Vill. of Arlington Hts.*, 415 F.3d 608, 612 (7th Cir. 2005).

II. **Defendants are Entitled to Qualified Immunity**

Qualified immunity protects police officers performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity balances the two competing interests of needing to hold public officials accountable for their actions when they exercise their power unreasonably and of protecting those public officials from harassment, liability, and distraction when they reasonably perform their duties. *Id.* at 231. Qualified immunity applies regardless of whether a law enforcement official's error is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Groh v. Ramirez*, 540 U.S. 551, 567 (2004) (Kennedy, J., dissenting). It protects all but the "plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 343 (1986). A plaintiff bears the burden of defeating a claim for qualified immunity. *Jewett v. Anders*, 521 F.3d 818, 823 (7th Cir. 2008). "To overcome qualified immunity, a plaintiff must show that (1) the facts make out a violation of the plaintiff's

federal rights, and (2) the right at issue was clearly established at the time of the defendant's alleged misconduct." *Catlin v. City of Wheaton*, 574 F.3d 361, 365 (7th Cir. 2009).

### A. Plaintiff's False Arrest/Unlawful Restraint Claim (Count I)

Defendant officers are entitled to qualified immunity for Plaintiff's arrest. When law enforcement officials have probable cause to believe a crime has been committed or is being committed, and therefore have probable cause to make an arrest, "their actions will be cloaked with qualified immunity if the arrestee is later found innocent." *Jenkins v. Keating*, 147 F.3d 577, 585 (7th Cir. 1998). The probable cause standard allows for reasonable mistakes. *Abbott v. Sangamon Cnty.*, Ill. 705 F.3d 237, 247 (7th Cir. 2012). Qualified immunity shields officers from suit for damages if a reasonable officer could have believed the arrest was lawful, in light of clearly established law and the information that the officers possessed. *Abbott*, 705 F.3d at 714.

Here, probable cause existed to arrest Plaintiff. In fact, during her criminal trial on June 4, 2014, Judge Bernstein held that "[t]here are five or six things that [Officer Babusch] could have charged you with and should have charged you with." [DSOF[2] ¶ 57]. Further, Seventh Circuit Pattern Jury Instruction 7.06 specifically addresses situations where a plaintiff may have been later acquitted of the offense for which she now complains, and reminds the trier that acquittal does not by itself mean there was no probable cause at the time of arrest. Here, the Plaintiff was uncooperative and resisted the Defendant Officers. [DSOF ¶¶ 25, 27, 28, 29, 30, 32, 33, 34, 35, 36, 37, 41, 42]. Despite repeated commands to leave the premises, Plaintiff refused. [DSOF ¶¶ 25, 27, 2830, 31, 32, 33]. She attempted to pull away from the officers. [DSOF ¶¶34, 35, 36, 37]. As a result, Defendant Officer Babusch had to utilize an emergency takedown. [DSOF ¶¶ 34, 35]. Plaintiff was obviously, and admittedly, highly intoxicated, uncooperative, and volatile. [DSOF ¶¶ 11, 13, 25, 27, 28, 30, 31]. The Defendant Officers are entitled to qualified immunity for the Plaintiff's arrest, as

---
[2] Defendants' Local Rule 56.1(a)(1)(3) Statement of Material Facts is hereafter cited as "DSOF."

they had probable cause to remove her from the train and train station. The existence of probable cause is an absolute defense to a § 1983 claim for wrongful arrest. *Jackson v. Parker*, 627 F.3d 634, 638 (7th Cir. 2010); *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). Count I should be dismissed.

### B. Plaintiff's Excessive Force /Unlawful Restraint Claim (Count II)

Defendant Officers are similarly entitled to qualified immunity for Plaintiff's excessive force claim. Police officers who use force when effectuating an arrest are entitled to qualified immunity unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Rice v. Burks*, 999 F.2d 1172, 1174 (7th Cir. 1993). In excessive force cases, the Plaintiff must overcome qualified immunity "by producing a closely analogous case that established that he had a constitutional right to be free from the type of force the police officers used on him." *Id.* Otherwise, the Plaintiff must show that the force used was "so plainly excessive" that the Defendant Officers should have known they were violating the law. *Id.* Plaintiff can do neither here.

First, no constitutional right was violated. The Defendant Officers did not violate any of the Plaintiff's constitutional rights when she was restrained and taken into custody. As discussed below, the totality of the circumstances supports a finding that the use of force against the Plaintiff was reasonable. The Plaintiff was actively resisting the Defendant Officers by twisting away from them and failing to obey their lawful commands. [DSOF ¶¶ 33, 34, 35, 36, 37]. In Illinois, the crime of resisting a peace officer involves the commission of "a physical act of resistance or obstruction … that impedes, hinders, interrupts, prevents, or delays the performance of the officer's duties, such as by going limp or forcefully resisting arrest." *People v. Agnew-Downs*, 404 Ill.App.3d 218, 334 Ill.Dec. 24, 936 N.E.2d 166, 173 (1st Dist. 2010). Illinois courts define "resisting" or "resistance" as "withstanding the force or effect of or the exertion of oneself to counteract or defeat." *Id.*

Importantly for these proceedings, "[r]esisting even an unlawful arrest of a known police officer violates the statute." *Hardrick v. City of Bollingbrook*, 522 F.3d 758, 762 (7th Cir. 2008). The record clearly shows that Plaintiff was observed by several to be "flailing her arms" and "twisting away" from the officer's attempts at arresting her. "Although there may be a genuine dispute of material fact with respect to whether [Plaintiff] intentionally attempted to 'withstand[ ] the force or effect of' [Officer Babusch's] efforts to arrest [her] in such a way as to 'impede[ ], hinder[ ], interrupt[ ], prevent[ ], or delay[ ] the performance of [Officer Babusch's] duties," (*Agnew-Downs*, 344 Ill.Dec. 24, 936 N.E.2d at 173) the undisputed facts suffice to establish that a reasonable officer could have believed she did. That reasonable belief may not have been enough to convict Plaintiff of a crime, but it is enough to cloak the Defendant Officers with immunity from suit. *Brooks v. City of Aurora, Ill.*, 653 F.3d 478, 484 (7th Cir. 2011).

Second, the Defendant Officer's use of force was reasonable. Even when a police officer has probable cause to execute an arrest, he still may have committed an unreasonable seizure "if, judging from the totality of the circumstances at the time of the arrest, the officer used greater force than was reasonably necessary to make the arrest." *Gonzalez v. City of Elgin*, 578 F.3d 526, 539 (7th Cir. 2009). In making this determination, the Supreme Court directs the following to be considered: (1) "'the severity of the crime at issue'"; (2) "'whether the suspect poses an immediate threat to the safety of the officers or others'"; and (3) "'whether [s]he is actively resisting arrest or attempting to evade arrest by flight.'" *Cyrus v. Town of Mukwonago*, 624 F.3d 856, 861 (7th Cir. 2010) (quoting *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865 (1989)). Here, it has been readily established that the Plaintiff was actively resisting and/or attempting to evade arrest by flight. [DSOF ¶¶ 33, 34, 35, 36, 37].

It is anticipated that Plaintiff will argue that she is smaller in stature than Officer Babusch; that she weighs so much less than he; that she is just a "girl" and he's a "big man;" that she was

complying with the Defendant Officers at all time. However, the record is clear that she was, by definition of law, resisting the officers' lawful commands and further attempted to defeat her arrest by evasion.

### III. Plaintiff's False Arrest Claim Must Fail

Plaintiff's false arrest claim must fail as probable cause existed at the time of her arrest. Illinois law authorizes police to execute warrantless arrests when an officer has "reasonable grounds to believe" that the person has committed an offense. 725 Ill. Comp. Stat. 5/102-2. The existence of probable cause is an absolute defense to a § 1983 claim for false arrest. *Jackson*, 627 F.3d at 638; *Mustafa*, 442 F.3d at 547. Probable cause is present when a police officer, in light of the facts known to him at the time of an arrest, reasonably believes that an individual was or is committing a crime. *Id.*; *United States v. Thomas*, 79 Fed. Appx. 908, 911-912 (7th Cir. 2003). Probable cause is based upon the totality of the circumstances confronting the officer. *Id.* An arrest complies with Fourth Amendment requirements when there is probable cause to believe a crime has been committed. *Devenpek v. Alford*, 543 U.S. 146, 153-56 (2004).

Significantly, probable cause does not require certainty that a crime was committed, but rather there only needs to be a probability or substantial chance of criminal activity. *Beauchamp v. City of Noblesville*, 320 F.3d 733, 734 (7th Cir. 2003) (citing *Illinois v. Gates*, 462 U.S. 213, 244 n. 13 (1983)); *United States v. Mounts*, 248 F.3d 712, 715 (7th Cir. 2001). Probable cause does not require enough evidence to support a conviction, nor does it require an officer to show that his or her belief is more likely true than false. *Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 679 (7th Cir. 2007); *Woods v. City of Chi.*, 234 F.3d 979, 996 (7th Cir. 2000). See also *United States v. Burrell*, 963 F.3d 976, 986 (7th Cir. 1992) (explaining evidence does not need to support finding that it is more likely than not that the arrestee committed a crime). Finally, if the facts sufficient to create probable cause are undisputed,

probable cause is a question of law, which can be decided on a motion for summary judgment. *Potts v. City of Lafayette*, 121 F.3d 1106, 1112 (7th Cir. 1997).

Here, the Defendant Officers clearly, at the very least, had reasonable suspicion that the Plaintiff had been engaged in criminal activity based on the information provided by the beckoning of Metra passengers, and their own personal observations of and interactions with the Plaintiff. [DSOF ¶¶ 13, 14, 15, 19, 20, 21, 22, 23]. Probable cause exists not only when a police officer relies on a radio call from his dispatch or a fellow officer, but also when a credible witness informs a police officer that someone has committed or is committing a crime, regardless of whether the information supplied turns out to be correct. *Mounts*, 248 F.3d at 715; *Mustafa*, 442 F.3d at 548. The totality of the circumstances confronting the Defendant Officers in this matter gave rise to probable cause to believe that the Plaintiff had committed or was committing a crime.

IV. **Summary Judgment is Proper as to Plaintiff's Excessive Force Claim**

Courts consider an officer's use of force while effectuating an arrest under the reasonableness standard of the Fourth Amendment. *Morfin v. City of East Chicago*, 349 F.3d 989, 1004 (7th Cir. 2005). Specifically, courts consider "whether the suspect poses an immediate threat to the safety of the officers or others, and whether [s]he is actively resisting arrest or attempting to evade arrest by flight" when determining whether use of force was reasonable. *Graham v. Connor*, 490 U.S. 386, 396 (9819). Courts consider what a reasonable officer would have done. *Miller v. Lewis*, 381 F. Supp. 2d 773, 784 (N.D. Ill. 2005). When the material facts surrounding the use of force are undisputed, courts can consider the reasonableness of the use of force as a matter of law. *Id*.

In order to state a claim for excessive force, a plaintiff must allege that the use of force was "objectively unreasonable." *Saucier v. Katz*, 533 U.S. 194, 204-05 (2001). Courts consider the totality of the circumstances when determining whether force used was excessive and "whether the intrusion on the citizen's Fourth Amendment interests was justified by the countervailing

government interests at stake." *Jacobs v. City of Chicago*, 215 F.3d 758, 773 (7th Cir. 2001). Courts do not consider the officers' good or bad intentions. *Ingram v. Basile*, No. 05 C 853, 2006 WL 1431048 at *4 (N.D. Ill. May 19, 2006).

Here, the crime for which Plaintiff was being removed from the train was a non-violent, minor incident. At first, she exited without incident, albeit reluctantly and not without the assistance of her boyfriend and some choice words for the Defendant Officers. [DSOF ¶¶ 25, 27, 28, 29, 30]. However, once Plaintiff was on the platform, her demeanor turned to what has been referred to as "combative" and "hysterical." [DSOF ¶¶ 33, 34, 35]. The facts – including Plaintiff's own statements along with those of her boyfriend and the eyewitness passenger – viewed in the light most favorable to the Plaintiff clearly indicate that she was, under the law, conducting herself in a disorderly manner and resisting the officers' attempts to remove her from the train and the station. Based upon Plaintiff's version of events, the Court must find the force used was not excessive as a matter of law. Officer Babusch was entitled to restrain Plaintiff's movements considering her refusal to obey the officers' orders, her volatile actions, her attempts at defeating the officers' efforts to restrain her, and the fact that she was under arrest. While Officer Babusch may have opted for a different method of gaining control of Plaintiff, the force used was not excessive in light of the totality of the circumstances, and a trier of fact should not find otherwise.

## CONCLUSION

This Court should grant summary judgment as to all counts for the following reasons. First, the Defendant Officers are entitled to qualified immunity on Plaintiff's false arrest and excessive force claims. Next, Defendant Officers had probable cause to confront, eject, and ultimately arrest the Plaintiff. Also, Defendant Officers' use of force was reasonable given the totality of the circumstances. Finally, since Plaintiff's section 1983 claims cannot survive summary judgment, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

WHEREFORE, Defendants, OFFICER THOMAS BABUSCH, Badge #908; OFFICER SALAMANCA, Badge #971; and NORTHEAST [ILLINOIS] REGIONAL COMMUTER RAILROAD CORPORATION ([d/b/a] METRA), a municipal corporation, respectfully request that this Court grant summary judgment in favor of all defendants on all claims, and for any other relief the Court deems just.

                                                             Respectfully submitted,

                                       By:    /s/ Stacey McGlynn Atkins
                                                  Associate General Counsel, Metra
                                                  One of the attorneys for Defendants

Stacey McGlynn Atkins
Associate General Counsel
Metra – Law Department
547 W. Jackson Blvd., 15th Floor
Chicago, Illinois 60661
312.322.7773
satkins@metrarr.com